## Kelch v. New York Life Insurance Co.

*S. Y. Rossiter,* for plaintiff.

*Gunnison, Fish, Gifford & Chapin,* for defendant.

EVANS, J., July 9, 1941.—The statement of claim in this case, for the purpose of collecting double indemnity on an insurance policy issued by defendant company, was filed April 17, 1940, and was followed by a rule for more specific statement. On September 20, 1940, plaintiff filed what was designated as an answer to the rule for more specific statement of claim, setting forth with more particularity some of the facts alleged as a basis for recovery. On November 13, 1940, the rule granted on the motion for more specific statement was placed on the argument list and this was followed by an opinion in February 1941 in which the rule to show cause was made absolute and plaintiff was directed to file an amended statement. However, in considering the matter, only the original statement was examined without reference to those particulars set forth in what was called an answer rather than an amended statement. The directions of the court therefore should be revised so as to eliminate the necessity of further pleading with respect to the items included in the "answer." But we feel that the statement is still insufficient and should be further amended.

The alleged accident is set forth as having occurred "by reason of improper, external and violent application of pressure and improper, external and violent physical manipulation near the base of the brain, through external and accidental means by Dr. H. D. Pearson between the aforesaid dates (March 20, 1939,

and May 15, 1939) at his office, which produced hemorrhage in the muscles around the cervical vertebræ posteriorly, which was the proximate cause of his death." We are unable to determine from this statement whether the claim is that there was an accident on one of the occasions when physical manipulation was administered, or that death resulted from continuous treatments by Dr. H. D. Pearson.

The requirements of a statement of claim are well set forth in Grumley v. Pellegrino, 4 D. & C. 205, citing Park v. Standard Spinning Co., 135 Fed. 860, as follows: "The plaintiff must set forth concisely the plaintiff's claim with sufficient particularity to enable the defendant to plead understandingly and with full knowledge of every claim that can be made or question that can be raised under it at the trial."

We believe, therefore, that this defendant is entitled to have the date and circumstances of any particular occasion, if one is claimed, when an accident occurred; or is entitled to raise the question of law as to whether or not there was an accident within the meaning of the policy, if it is claimed that a series of improper physical manipulations gradually wore down the resistance of the deceased so that as a result he died. In the first situation, therefore, plaintiff should set forth the particular date and circumstances claimed to constitute an accident; or, in the second situation, plaintiff should set forth the number of treatments and the circumstances surrounding them relied upon as a basis for recovery. It will be well that plaintiff, in the amended statement, include the facts alleged in the original statement, the answer to the rule for more specific statement, and the matters required by this order.

And now, to wit, July 9, 1941, the rule to show cause, granted on the motion for more specific statement, is made absolute and plaintiff is directed to file an amended statement of claim in accordance with the foregoing, within 15 days.